(26 Misc. Rep. 730.)

JAMISON v. HOWARD LOCKWOOD & CO. et aL

KILTZ v. SAME.

(Supreme Court, Appellate Term.    March 24, 1899.)

BANKS—DEPOSIT OF TRUST FUNDS—LIABILITY TO BENEFICIARY.
      Where a bank declined to receive from an employé a deposit made to
   secure his employer against the employé's dishonesty, but suggested that
   the employé hand the amount to the employer, who could deposit it in his
   open account, the bank is liable as for conversion, if it applies the deposit
   on the employer's debt.

Appeals from municipal court, borough of Manhattan, Third district.

Actions by Ewell Jamison and Elden D. Kiltz against Howard Lockwood & Co. and others.    Both actions were tried together, and there were judgments for defendant Howard Lockwood & Co., and plaintiffs appeal.    Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Charles Capron Marsh, for appellants.

Sullivan & Cromwell, for respondent Howard Lockwood & Co.

MacLEAN, J.    These actions were brought to recover for an alleged conversion by the defendant corporation of certain bills of exchange and moneys of the plaintiffs deposited by them severally with the defendant corporation in contemplation of entering into the employment of another corporation, the Cyclists' Review Publishing Company, for the express purpose of securing said last-named corporation against loss incurred through the dishonesty of the plaintiffs in the course of their employment, for a period to be terminated upon notice.    It appeared in evidence that the bills of exchange and moneys were deposited in each case at interviews had by the several plaintiffs with one Hankey, the treasurer of the defendant company, and Carrie B. Summers, the treasurer of the Cyclists' Review Publishing Company, and that the moneys and the proceeds of the bills of exchange were paid out as called for by the Cyclists' Review Publishing Company, or applied to the indebtedness of that corporation to the defendant corporation.    The justice before whom these actions were tried found, as matters of fact, upon evidence amply warranting such findings, that the plaintiffs desired and offered to make the deposits as security for their honesty while employed by the Cyclists' Review Publishing Company; that Mr. Hankey, the treasurer of the defendant company, declined to receive a deposit from the plaintiffs, but stated that, if the plaintiffs desired, they might hand it over to the Cyclists' Review Publishing Company, and the latter company might deposit it in the open account between Howard Lockwood & Co. and the Cyclists' Review Publishing Company; and that Mr. Hankey, the treasurer of the defendant company, knew that the plaintiffs made the deposits as security for the faithful performance of their duties.    As matter of law, the justice found that because Mr. Hankey declined to receive the money as a deposit, and informed the

plaintiffs that he would pass the amount to the open account of Howard Lockwood & Co., the latter company was not bound in any wise to see that the sums so deposited should be applied to the purposes mentioned in the agreement made by the plaintiffs with the Cyclists' Review Publishing Company. The conclusion of the learned justice as to the law was error, for it is the rule that when the debt created by a deposit belongs to the principal, instead of the agent, who made it in his own name, the depositary, with notice of the facts, must recognize the actual rather than the nominal depositor. O'Connor v. Bank, 124 N. Y. 324, 333, 26 N. E. 816. The judgments should be reversed, and new trials ordered, with costs to each appellant to abide the event.

Judgment reversed, and new trials ordered, with costs to each appellant to abide the event. All concur.

LEVENTRITT, J. (concurring). The defendant could have been relieved of liability to the plaintiff only in the event that there had been a special agreement between them, entered into with a full understanding and disclosure of the facts on both sides, that the funds deposited should be subject to the disposal of the Cyclists' Review Publishing Company. The finding of the justice, however, on evidence warranting no other conclusion, was directly to the contrary. In addition to the findings referred to in the opinion of Mr. Justice MacLEAN, the court below found "that the Howard Lockwood Company declined to enter into any contract with the plaintiff." That being so, the defendant, charged with knowledge of the trust, parted with the moneys upon the order of the publishing company at its peril. The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.